**Paul Michael HOOVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 63881.

Court of Criminal Appeals of Texas, Panel No. 1.

July 16, 1980.

Rehearing Denied Sept. 10, 1980.

Charles M. Mallin, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Stuart Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. Appellant was convicted, upon his plea of guilty, of the offense of burglary of a habitation on March 20, 1978. On August 9, 1978 a sentence of 10 years' confinement in the Texas Department of Corrections was assessed, but sentence was suspended and appellant was placed on probation. On December 12, 1978 the trial court entered an order modifying the conditions of appellant's probation and he was placed in the residential treatment center in El Paso, Texas subject to the further order of the court. On June 1, 1979 the State filed a motion to revoke appellant's probation

alleging that he violated certain conditions of his probation in that he consumed alcohol and possessed marihuana. On July 5, 1979 appellant's probation was ordered revoked and he was assessed a term of five years' confinement in the Texas Department of Corrections.

In his sole ground of error, appellant asserts that the trial court erred in overruling his motion to suppress an oral statement taken in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The basis of this contention is the admission in evidence of statements made by appellant to one Jeffrey Chavez, a counselor at the residential treatment center. Our review of the record does not support appellant's contention. To begin with he was not subject to custodial interrogation in the sense contemplated by the *Miranda* rule. Appellant's presence at the residential center was mandated by the order of the trial court. That is to say that he was not taken into custody by Chavez who was a counselor at this treatment center. Chavez testified that when appellant returned to the center at 10:25 on the evening of May 2, 1979 he answered the door. Chavez stated that he took appellant to a restroom in order to take a urine sample, a "standard procedure for the center." At that time he noticed appellant "waver"; appellant, Chavez said, "[k]ind of rocked over, lost his balance a little." Chavez then noticed that appellant's eyes were red and asked him if he had been drinking. Appellant was an inmate of this treatment center as a condition of his probation. Under such circumstances, the rule of *Miranda v. Arizona* is inapplicable. Appellant's only ground of error is meritless and is overruled.

The judgment is affirmed.